3
JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
P. O. Box 1708
Sacramento, CA 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>WARREN SANTIAGO,<br><br><br>PINKY SANTIAGO,<br><br><br><br>                Debtor(s) | Case No: 09-37103-B-13J<br>DC No.: BJH-4<br><br>**TRUSTEE'S OPPOSITION TO MOTION TO CONFIRM FOURTH AMENDED CHAPTER 13 PLAN AND COUNTER MOTION TO CONDITIONALLY DISMISS CASE**<br><br>DATE: MAY 25, 2010<br>TIME: 9:32 A.M.<br>COURTROOM: 32 |

JAN P. JOHNSON, STANDING CHAPTER 13 TRUSTEE, opposes the Debtor(s) motion as:

1. The Trustee calculates that the fourth amended plan filed on April 13, 2010 will take approximately 134 months (11.17 years) to complete which exceeds the maximum length of five years pursuant to 11 U.S.C. Section 1322(d) and results in a commitment period that exceeds the permissible limit imposed by 11 U.S.C. Section 1325(b)(4). The Trustee's calculation which is

1

filed concurrently with this opposition is based on the post-petition installment amount of $1,577.19 pursuant to a notice the Trustee received from Aurora Loan Services. The Additional Provisions of the plan state that the Trustee shall be notified by lender directly of the revised monthly installment amount of $1,253.00. To date, the Trustee has received no such notice from Aurora Loan Services.

2. The Trustee objects to payment of attorney's fees pursuant to the Guidelines for Payment of Attorney's Fees in Chapter 13 Cases. The petition was filed on August 12, 2009. More than nine months have passed since the filing of the petition and the Debtors have failed to file the Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys. The Trustee requests that Debtors' counsel be required to file a fee application in this case.

3. The plan fails to provide treatment for the secured proof of claim filed by GMAC Mortgage in the amount of $97,926.14. Although the Additional Provisions state that this lien shall be treated as unsecured by stipulation with the lender, the plan fails to specify if or when such stipulation was submitted to the United States Bankruptcy Court. The Trustee is unable to locate a stipulation or an order approving a stipulation in the court's records. The plan does not appear to comply with 11 U.S.C. Sections 1325(a)(5)(A) or (B).

4. The plan fails to provide for the secured proof of claim filed by Sacramento County Utilites in the amount of $366.23. The plan does not appear to comply with 11 U.S.C. Sections 1325(a)(5)(A) or (B).

///
///
///
///
///

5. The plan payment of $1,896.00 is less than the aggregate of the Trustee's fees, the monthly installments on Class 1 claims, the monthly payment for administrative expenses and the monthly dividendes specified for Class 1 arrearage and Class 2 secured claims. The aggregate of these monthly amounts is $1,953.00. The plan does not comply with Section 5.02 of the form plan.

WHEREFORE the trustee prays that the Court enter an order denying confirmation of the debtor's Plan, and an order dismissing the case if a new Plan is not filed, served on all parties and set for hearing by June 8, 2010. The trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(e) as made applicable by FRBP 9017.

Date: May 10, 2010

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee